The Honorable Tommy Dickinson State Representative 711 Hodges Street Newport, AR 72112-2709
Dear Representative Dickinson:
I am writing in response to your request for my opinion on a question you have submitted on behalf of the Jackson County School District Board of Directors. In correspondence to you, counsel for the school district offered the following factual background:
 As you know, the Jackson County School District annexed the Swifton School District in calendar year 2004. Following that annexation, the Jackson County School District was advised that it must reduce the number of members of its Board of Directors from nine to seven, and the Jackson County School District did so, through the resignations of two of its members.
 Following that, the board obtained a zoning plan, so that at the moment each of the seven members represents one discrete zone. Following that action, the seven remaining board members drew lots so that no more than three members' terms expire during any one year, with no fewer than one member's term expiring at the regular school election to be held in September of 2005.
 However, the Jackson County School District has now been advised that since it went to zones rather than at-large members, each of the current members must run for election in September 2005. In other words, the Jackson County School District has been advised that all seven positions must be filled via election in September, 2005.
 In reviewing Act 274 of 2005, it appears to me that most of this Act does not apply to the Jackson County School District, which, again, annexed the Swifton School District prior to January 1, 2005.
My inquiries reveal that an interim board was created upon the annexation consisting of the receiving board and two members of the former Swifton School District board. It is unclear exactly who advised the resulting school district that all board positions would need to be filled at the September 2005 election.
Against this backdrop, you have posed a question I will paraphrase as follows:
 Under either prior law or Act 274 of 2005, whichever applies, must the Jackson County School District hold elections for all seven board positions in September 2005 or was the board correct in creating staggered terms through the drawing of lots, so that only one position will be filled by election this year?
RESPONSE
In my opinion, the board was correct in creating staggered terms through the drawing of lots, only one or several of which will expire in September 2005. I do not believe an entirely new board should be elected in September 2005.
Notwithstanding the suggestion of the board's counsel, I believe the pertinent legislation is Acts 2005, No. 274, which, inter alia, added to the Code the following A.C.A. § 6-13-1412(b):
 (1) School districts that annexed before January 1, 2005, under Act 60 of the Second Extraordinary Session of 2003 and which have an interim board of directors which has not stood for election since the creation of the interim board shall have a board made up of the members of the interim board.[1]
 (2) Within thirty (30) days of the effective date of this section, the members of the board shall determine their terms by lot so that no more than three (3) members' terms expire during any one (1) year with no fewer than one (1) member's term expiring at the regular school election in the year following the effective date of the annexation.
My inquiries reveal that the current Jackson County School District was formed pursuant to Act 60 of 2003, which mandated the annexation by or consolidation with another school district of any school district having fewer than 350 students. The former Swifton School District was annexed pursuant to this mandate. Subsection 6-13-1412(b) of the Code consequently applies to the current Jackson County School District.
In responding to your request, I feel obliged to note the following provisions of A.C.A. § 6-13-1412(h), which was likewise enacted pursuant to Act 274 of 2005, § 1:
 The provisions of § 6-13-1405 and § 6-13-1406 with respect to the election of a board of directors following annexation shall not be applicable for districts annexed under Act 60 of the Second Extraordinary Session of 2003 and [that] follow the procedures in this section or districts that voluntarily annex and opt to follow the procedures in this section, except the State Board of Education shall allow school districts thirty (30) days to establish an interim local board or as incorporated in this section by reference.
This statute is confusing in that it implies that a district formed by an Act 60 annexation may or may not "follow the procedures in this section" — presumably including the procedure of setting the board members' terms by drawing lots. This implication is consistent with the terms of A.C.A. § 6-13-1412(a)(1), which provides that districts formed by Act 60 annexation after January 1, 2005 may "opt to follow the procedures in this section." With respect to districts formed by Act 60 annexationbefore January 1, 2005, this element of discretion strikes me as inconsistent with the terms of A.C.A. § 6-13-1412(b), which is unequivocal in declaring that a district formed by Act 60 annexation before January 1, 2005 must set the board members' terms by drawing lots.
However, for purposes of addressing your question, I doubt that this confusion is significant. If the terms of A.C.A. § 6-13-1412 are obligatory in a district formed by Act 60 annexation before January 1, 2005, then the board in this instance has complied; if they are discretionary, then the board has properly exercised that discretion in opting to set its members' terms by drawing lots.
It is unclear in your factual recitation who advised the board members that they must all stand for election in September 2005. However, I believe I understand what may have prompted this advice. Before the enactment of Act 274, the law might best be described as muddled. The basis for the advice rendered to the board may have been Act 25 of 2003, which amended A.C.A. § 6-13-1406(a) to read as follows:
 (a)(1)(A) Unless the board of directors of the affected district or districts and the board of directors of the receiving district or districts agree otherwise, the board of directors of the receiving district or districts after annexation shall be the same board of directors of the receiving district prior to annexation until the next regular school election.
 (B)(i) In lieu of electing a new board of directors at the next regular school election, the board of directors of the affected district or districts and the board of directors of the receiving district may agree to form an interim board whose members shall serve until the regular school election in the year following the effective date of the annexation.
 (ii)(a) If an interim board is formed to serve until the school election in the year following the effective date of the annexation, the interim board shall be composed of the members of the board of directors of the receiving district and at least one (1) member selected by the board of directors of each affected district.
(Emphasis added.) The highlighted language in this statute appears to require that the entire board serving immediately after the annexation will serve only until the next school election.
However, this statute must be read in conjunction with Acts 2003, No. 60, § 3, which, inter alia, added to the Code the following A.C.A. §6-13-1603(l):
 The provisions of § 6-13-1406 shall govern the board of directors of each resulting or receiving school district created under this subchapter.
As discussed above, among the provisions of A.C.A. § 6-13-1406 is subsection (a) as amended by Act 25. However, also among the provisions of this statute is the following:
 (d) At the first meeting of a new board after annexation or consolidation, the members shall determine their terms by lot so that no more than two (2) members' terms expire during any one (1) year.
Neither Act 25 of 2003 nor Act 274 of 2005 addresses the apparent tension between subsections (a) and (d) of A.C.A. § 6-13-1406. Nevertheless, A.C.A. § 6-13-1412(h), would appear to moot this issue in declaring that "[t]he provisions of . . . § 6-13-1406 with respect to the election of a board of directors following annexation shall not be applicable for districts annexed under Act 60 of the Second Extraordinary Session of 2003 and [that] follow the procedures in this section." The legislature enacted both this provision and A.C.A. § 6-13-1412(b), which directly calls for the continued service of an interim board and the drawing of lots to set the board members' terms, after enacting the provisions of A.C.A. § 6-13-1406. It is well established that the provisions of an act adopted later in time repeal the conflicting provisions of an earlier act. Daniels v. City of Fort Smith, 268 Ark. 157, 594 S.W.2d 238
(1980).[2] Despite its ambiguities, Act 274 is absolutely unambiguous in providing that the interim board members of a new district formed by an Act 60 annexation before January 1, 2005 at the very least may opt, and in all likelihood are required, to "determine their terms by lot" in order to establish staggered terms. Accordingly, I believe Act 274 will control over any possibly contradictory provision in A.C.A. § 6-13-1406. In short, I believe that the board members acted appropriately in setting their terms by drawing lots.
Whoever advised the district to hold elections for all board positions in September 2005 may further have been influenced by the analysis of one of my predecessors in Ark. Op. Att'y Gen. No. 2001-176, which addressed the timing and scope of elections following rezoning pursuant to A.C.A. §6-13-631 (Repl. 1999), as amended by Act 1716 of 2001.[3] My predecessor summarized the statute as follows:
 [T]he statute above is clear in requiring an election for an entirely new school board. The only exception is where the district chooses to create five single-members zones with two at-large members. In such case, the district may fill the two at-large positions by drawing lots from among the existing board members. A.C.A. § 6-13-631(c). . . .
 The statute refers to the election of a "new school board," and provides for the staggering of the initial terms by lot. A.C.A. § 6-13-631(e). This clearly indicates an intention that an election be held to elect a new school board member from each zone.
As my predecessor noted, the legislature has declared that in a district zoned pursuant to A.C.A. § 6-13-631, an entirely new board will be elected by zones, whereupon the new directors will determine the lengths of their respective terms by drawing lots. However, as the foregoing discussion should reflect, this is not the procedure prescribed under Act 274 of 2005 as applicable in districts created by annexation prior to January 1, 2005 whose interim boards have not been replaced by election. In such districts, the interim board members must draw lots to determine the lengths of their respective terms and stand for election on a staggered basis as those terms expire.
I will note that I consider it immaterial to the above analysis that the board "obtained a zoning plan" following the annexation. Subsection6-13-1412(b), as enacted pursuant to Act 274 of 2005, draws no distinction between districts that elect board members by zones and those that elect board members at large: rather, it provides that in any new district formed pursuant to an Act 60 annexation before January 1, 2005, the board members either must or may determine their terms by lot. Accordingly, I disagree with the reported advice "that since it went to zones rather than at-large members, each of the current members must run for election in September 2005."
I will further note that I consider it immaterial to my analysis that the board adjusted its number from nine to seven by the resignation of two of its members. This action is expressly sanctioned by A.C.A. §6-13-1412(c)(2)(A), which provides that a board may achieve the seven-member maximum by the "[v]oluntary resignation of one (1) or more existing members." This action thus represents an entirely independent observation of the procedures set forth in A.C.A. § 6-13-1412 and has no implications relating to the question you have posed.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] Subsection 6-13-1405(a)(5)(C), as amended by Act 60 of 2003 (2nd Ex. Sess.), provides:
 (i) The interim board shall be made up of board members from the boards of directors of the affected school districts.
 (ii) The proportion of board members from each of the affected school districts shall be equal to the proportion of the student population in the resulting school district that came from each affected school district.
[2] But for the enactment of Act 274 of 2005, I would in all likelihood have invoked this principle as dictating that all board positions be up for election in 2005, given that the provisions of A.C.A. §§ 6-13-1406(a) and -1406(d) appear flatly contradictory and that the former was amended in 2003 whereas the latter has not been amended since its enactment pursuant to Acts 2001, No. 1225, § 1.
[3] Section 6-13-631 requires school districts having a ten percent or greater minority population to elect school board members from single-member zones.